**E-FILED**
Friday, 19 October, 2007  03:25:20 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| RONALD D. HOLLIDAY and | ) | |
| REBECCA H. HOLLIDAY a/k/a | ) | |
| REBECCA H. SNELL-HOLLIDAY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.  07-3068 |
| | ) | |
| DLJ MORTGAGE CAPITAL, INC., | ) | |
| FISHER & SHAPIRO, LLC, OLD | ) | |
| CANAL FINANCIAL | ) | |
| CORPORATION, UNKNOWN | ) | |
| OWNERS and NON-RECORD | ) | |
| CLAIMANTS, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Plaintiffs' Motion to Remand (d/e 3).  Plaintiffs filed their Complaint in Illinois Circuit Court in Sangamon County, Illinois, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1691 et seq., among other claims.  Notice of Removal (d/e 1), Ex. A.  Defendant Fisher & Shapiro, LLC, filed a timely Notice of Removal (d/e 1) pursuant to 28 U.S.C. §§ 1441(a) and 1446.  Plaintiffs then filed

1

their request for remand.  For the reasons set forth below,  Plaintiffs'

Motion to Remand is allowed.

Plaintiffs assert that remand is appropriate based on the fact that all

Defendants did not join in the Notice of Removal.  The Notice of Removal,

filed by Defendant Fisher & Shapiro, states "Defendant's counsel has

contacted a representative from co-defendant DLJ Mortgage Capital, Inc.

("DLJ") who indicated that, while DLJ was aware of the case, the

representative was unaware whether DLJ had properly been served, and in

any event, it does not object to this removal." Notice of Removal, ¶ 4.  The

Notice of Removal continues as follows: "Defendant has been unable to

contact counsel for its other co-defendants as no parties have appeared in

the action pending in Sangamon County.  Fisher & Shapiro, LLC indicated

that it may represent co-defendant Old Canal Financial Corporation in some

capacity. . . .   There are no federal claims asserted against the co-

defendants." Id., ¶ 5.

As a general rule, all defendants must join in a removal petition in

order to effect removal.  Chicago, Rock Island, & Pacific Railway Co. v.

Martin, 178 U.S. 245, 248 (1900).  A notice of removal is facially defective

if it is not joined by all served defendants, or if it fails to explain why all

defendants have not consented to removal.  <u>Shaw v. Dow Brands, Inc.</u>, 994 F.2d 364, 368 (7th Cir. 1993).  The Seventh Circuit has stated, "To 'join' a motion is to support it in writing. . . . all served defendants still have to support the petition in writing, i.e., sign it."  <u>Gossmeyer v. McDonald</u>, 128 F.3d 481, (7th Cir. 1997) (internal quotations and citations omitted).

Plaintiffs have produced evidence that both DLJ and Old Canal Financial Corp. had been served at the time that Fisher & Shapiro filed its Notice of Removal.  <u>Motion to Remand</u>, Ex. A & B.  It is undisputed that these Defendants did not sign the Notice of Removal, nor does the Notice of Removal sufficiently explain their lack of consent.  Thus, Fisher & Shapiro's Notice of Removal is facially deficient.

Fisher & Shapiro opposes remand and requests permission to file an amended notice of removal.  <u>Defendant Fisher & Shapiro, LLC's Response to Motion to Remand and Motion to Amend Notice of Removal Instanter (d/e 9) (Fisher & Shapiro's Response)</u>.  Additionally, the Court notes that, subsequent to the filing of Plaintiffs' Motion to Remand, DLJ filed a written Notice of Consent to Removal (d/e 8).  However, even if the Court were to consider these documents, Defendants nevertheless fail to fulfill the requirements necessary to effectuate removal.

Fisher & Shapiro has provided the Court with a proposed Amended
Notice of Removal.  Fisher & Shapiro's Response, Ex. 1, Amended Notice
of Removal.  The proposed Amended Notice of Removal is signed only by
counsel for Fisher & Shapiro.  However, DLJ's signed Notice of Consent to
Removal is sufficient to evidence DLJ's consent.  With respect to Defendant
Old Canal Financial Corp., the proposed Amended Notice of Removal
provides as follows:

> Fisher's counsel spoke to Ms. Raymer [a representative from Old
> Canal's legal department] several more times, and Ms. Raymer
> ultimately indicated that Old Canal did not wish to appear in
> this case. . . .  Ms. Raymer indicated that since Old Canal did
> not wish to appear or defend this case, it was unwilling to
> formally file anything in this case.  However, Ms. Raymer
> indicated that it consented to the removal of this case.

Id., ¶¶ 16-17 (internal citations omitted).  As support for these statements,
Fisher and Shapiro has provided an Affidavit from defense counsel Justin
Penn and a copy of an e-mail correspondence between Penn and Raymer.
Id., Ex. C, Affidavit of Justin M. Penn (Penn Aff.), Penn. Aff. Ex. A, E-mail,
dated April 13, 2007 from Kathy Raymer to Justin Penn (Raymer e-mail).
According to Penn, Ms. Raymer indicated to him "that Old Canal was
unwilling to formally file any consent to removal, but explained that Old
Canal does consent to the Removal of this case to federal court."  Penn Aff.,

¶ 14. The Raymer e-mail provides as follows: "After reviewing the account with my manager, OCF consents to removal to Federal Court and will not be appearing in or defendant this action at present, Kathy Raymer, Asset Manager" <u>Raymer e-mail</u>, p. 1.

A District Court in Wisconsin recently addressed a similar situation in <u>Bertrand v. Federal Pacific Elec. Co.</u> 2007 WL 2477373 (E.D. Wis. August 29, 2007).  In <u>Bertrand</u>, a notice of removal was filed that was joined, in writing, by several defendants.  The notice stated that the remaining defendant orally consented to removal and that a written consent to removal would be filed separately with the Court by the remaining defendant. <u>Id</u>. at *2.  However, the written consent was not timely filed. Plaintiff objected to removal as procedurally deficient.  Defendants asserted that the remaining defendant consented to removal in writing by sending a timely signed consent form to the defense counsel coordinating the removal.

The <u>Bertrand</u> Court, relying on the Seventh Circuit's <u>Gossmeyer</u> decision, noted that "Oral consent is not valid; each defendant must consent in writing for itself." <u>Bertrand</u>, 2007 WL 2477373, *2 (citing <u>Gossmeyer</u>, 128 F.3d at 489).  The Court held that "[t]he provision of oral consent is clearly deficient under the law of this circuit, and a promise that procedural

rules would eventually be fulfilled does not relieve the duty of [e]ach defendant [to] communicate his consent to the court by way of an official filing or voicing of consent in a timely fashion." Id. (internal quotations and citations omitted). Because the remaining defendant had not made a timely indication to the Court of its consent to removal, the Bertrand Court concluded that the removal was defective.

In the instant case, Old Canal Financial Corp. has never indicated its consent to removal to the Court. The Raymer e-mail was provided to counsel for Fisher & Shapiro, not to the Court. The e-mail is not sufficient to constitute official notice, and there is no indication as to Ms. Raymer's authority to give consent on Old Canal's behalf. Moreover, it is clear from the evidence presented that Old Canal Financial Corp. does not intend to file anything with the Court. "[T]he procedural rules governing removal cannot be lightly set aside as mere technicalities. Their technical nature and strict application further the goal of restraining the reach of removal jurisdiction to cases where it is clear that all of the defendants desire a federal forum." Bertrand, 2007 WL 2477373, *3 (citation omitted). Strict application of the procedural rules governing removal "protects against the erroneous exercise of federal jurisdiction;" thus "[w]hen there is doubt as to

6

the right to removal in the first instance, ambiguities are to be construed against removal." Id. (internal quotations and citation omitted). Even if the Court were to consider the Amended Notice of Removal, Fisher & Shapiro fails to meet its burden of establishing that all served Defendants join in its request for removal. Fisher & Shapiro's request to amend its Notice of Removal is denied as moot. The matter must be remanded to state court.

Plaintiffs' Motion to Remand seeks an award of attorney's fees and costs. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). However, the Court believes that an award of costs and attorney's fees is not appropriate under the circumstances of the instant case. The requirement that all defendants must file written consent for removal within the time allowed is not set out in 28 U.S.C. § 1446. While the Seventh Circuit's Gossmeyer decision was available to Fisher & Shapiro at the time the Notice of Removal was filed, it is not directly on point. The Bertrand case, which this Court finds persuasive, was not decided until after Fisher & Shapiro filed its Notice of Removal.

THEREFORE, Plaintiffs' Motion to Remand (d/e 3) is ALLOWED.

7

This case is remanded to the Illinois Circuit Court for the Seventh Judicial

Circuit, Sangamon County, Illinois.  All pending motions are moot before

this Court.  This case is closed before this Court.

IT IS THEREFORE SO ORDERED.

ENTER:   October 19, 2007

       FOR THE COURT:

                                          s/  Jeanne E. Scott
                                          JEANNE E. SCOTT
                               UNITED STATES DISTRICT JUDGE